*Spencer Hannum et al* v. *Harley Curtis et al.*(*) This was a motion to dissolve an injunction, on bill of demurrer. Mr. GEORGE UNDERWOOD, for the complainant, objected to the notice of motion, because it did not state the grounds upon which the motion would be made. He insisted that if the motion was based upon the fact that the whole equity of the bill was denied by the answer, that point should be stated in the notice.

(*) Decided January 7th, 1846.

The CHANCELLOR said the rule of practice requiring a notice of motion to specify the particular points intended to be insisted on, was only applicable to cases where the opposite party has a right to explain the point objected to, by affidavit, and to cases where, by the practice of the court, the opposite party has a right to amend, or perfect his defective proceedings, on proper terms.

But that where a party moves upon the copy of any paper, intending to rely on some formal defect therein, as a ground for setting some proceeding aside, he must, either in his affidavit or notice of motion, point out the particular defect; so that the opposite party may have an opportunity of answering the objection.

Admissions of assignor not binding upon assignees. He also decided that admissions of an assignor of property, for the benefit of his creditors, made subsequent to the execution of the assignment, were not evidence against the assignees.

**BENJAMIN F. SHERMAN,**

**TAXING & EXCEPTION MASTER,**

FOR FIRST CIRCUIT,

*NO.* 35 *WALL STREET,*

New-York.

---

**LATHROP T. EDDY,**

EXAMINER IN CHANCERY,

*NO.* 51 *LIBERTY STREET,*

New-York.

---

**ALLAN MELVILLE,**

**EXAMINER IN CHANCERY,**

*NO.* 10 *WALL STREET,*

New-York.